UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:13-CR-49-GFVT-HAI-8 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| WILLIE TRAMPUS HOSKINS, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Van Tatenhove (D.E. 333 at 2), the Court considers reported violations of supervised release conditions by Defendant Willie Trampus Hoskins. Judge Van Tatenhove entered a judgment against Defendant in November 2014 for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. D.E. 304. Defendant was sentenced to time served, followed by five years of supervised release. *Id*. at 2-3. Defendant began his supervised release term on November 19, 2014.

On January 21, 2016, the United States Probation Office ("the USPO") issued a Supervised Release Violation Report ("the Report"). First, the Report charges, in Violation #1, a violation of Standard Condition #7, which provides that "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." The Report specifically alleges that, on January 14, 2016, Defendant submitted a urine sample. A laboratory report received on January 18 revealed that the sample tested positive for methamphetamine and amphetamine. The next day, when

confronted with the positive test result, Defendant admitted using methamphetamine on January 11, 2016. This is a Grade C violation.

Second, in relation to this positive drug test and admission, the Report charges Defendant with a violation of the condition requiring Defendant to refrain from committing another federal, state or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on February 12, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 336. At the initial appearance, the United States made an oral motion for interim detention, and Defendant requested release. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on February 22, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 339. Defendant competently entered a knowing, voluntary, and intelligent stipulation to both violations. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established both violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the

Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to conspiracy to manufacture methamphetamine, a Class C felony. *See* 21 U.S.C. § 843(a)(6); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment. 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation,[1] Defendant's Range, under the Revocation Table of Chapter 7, is four to ten months.

The parties differed regarding the appropriate sentence. Mr. Hoskins asked for a sentence of time served plus mandatory inpatient substance abuse treatment. The government asked for seven months of incarceration, followed by four years of supervised release.

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

3

Defendant did not contest that four years of supervised release would be appropriate. However, Defendant requested a sentence of time served followed by a period of inpatient drug abuse treatment.

The government supported its sentencing recommendation by noting that, although the original drug conspiracy charge against Defendant was very serious, he was perhaps the least culpable among his co-defendants. He obtained a two-point downward adjustment for being a minor participant in the criminal activity under USSG § 3B1.2(b). Even though his sentence of time served (which equaled about six months) was within the Guidelines Range, Defendant did obtain mercy at sentencing through his plea deal. In light of that mercy, the government characterized Defendant's current violation as an egregious breach of the Court's trust.

Additionally, on the positive side, the government noted that Defendant had admitted his drug use and was working well with his probation officer. On the negative side, the government noted that Defendant had an extensive criminal history as a young man, which included a probation violation. The government also argued that Defendant posed a danger to society because his violation conduct was similar to his original offense conduct in that both involved methamphetamine.

Defendant's attorney recounted aspects of Defendant's history, including that he committed most of his prior crimes when he was in his twenties. Later on, Defendant began using drugs as he suffered depression from the dissolution of his marriage. He pointed out the low volume of pseudoephedrine pills that were ascribed to Defendant at sentencing. He noted that Defendant completed the Celebrate Recovery drug addiction program in prison. Counsel argued that Defendant needed treatment and continued supervision more than prison.

Mr. Hoskins addressed the Court and explained that, without help, he believed he would find himself back in Court again. He said incarceration had not helped his underlying problem.

At the outset, the Court notes that Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The manufacture of methamphetamine poses a significant threat to the community in which it is taking place. Although Defendant did not return to trafficking, methamphetamine use, given his criminal history, constitutes felonious conduct. Thus, a term of imprisonment is warranted.

The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Defendant's history and characteristics indicate a serious drug problem. Defendant has abused cocaine and pain medication in addition to methamphetamine. His explanation for using it now was simply that someone offered him the meth and he was unable to turn it down. Defendant's explanation for his drug use suggests it is unpredictable, which calls into question his ability to comply with the law. And, when Defendant is using drugs, he poses a danger to himself and everyone around him. He has

5

expressed a desire to get and remain clean.  If he can do this, he will be able to become a productive member of society.  If he cannot, it will continue interfere with his own life and pose a significant threat to the public.

The Court reminds Defendant that the Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct here represents a significant breach of the Court's trust.  By committing a criminal act while on supervision, Defendant has shown a serious disregard for the conditions of his release.  One of the most concerning breaches of the Court's trust occurs when a Defendant returns to criminal activity while on release.  The Court trusted Defendant on supervision to conform his conduct to the standards of society, and he has failed to do so.  Defendant is advised that any further breach of the Court's trust will likely result in a much longer imprisonment term.

Ultimately, a sentence of six months is within the Guidelines Range and, for the reasons stated above, the Court finds is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis.  *See* 18 U.S.C. § 3583(e).  Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records

who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

Finally, a court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction under 21 U.S.C. § 846 carried a minimum supervised release term of three years, with no maximum. *See* 21 U.S.C. § 841(b)(1)(C). Defendant faces no post-revocation cap on any term of supervised release. The Court recommends—and the parties agree—that a term of supervised release be re-imposed for a period of four years. Defendant has indicated that he is sincere in his desire to deal with his drug abuse. The Court agrees with Defendant that such treatment is appropriate in this case. As soon as practicable following release, the Court recommends that Defendant enroll in, and complete, an inpatient substance abuse treatment program. The length of such program is left to the discretion of the USPO. The Court believes that a significant term of supervision following imprisonment, along with inpatient substance abuse treatment, will give Defendant the skills necessary to succeed and to learn to address his addiction.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of six months;

2. A term of supervised release of four years, under the conditions previously imposed at Docket Entry 304, with the additional condition that, as soon as practicable following release, Defendant shall enroll in, and complete, an inpatient substance abuse treatment program, with the length of such program to be left to the discretion of the USPO.

3. The Defendant shall appear for a status conference before the undersigned on

**March 1, 2017, at 1:00 p.m.**, at the United States Courthouse in London, Kentucky, to discuss Defendant's progress with drug treatment and supervised release.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 23rd day of February, 2016.

Signed By:
<u>Hanly A. Ingram</u>
United States Magistrate Judge